Filed 8/18/25  Neubecker v. Evans Hotels, LLC CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD NEUBECKER,  Plaintiff and Respondent,  v.  EVANS HOTELS, LLC, et al.,  Defendants and Appellants. | D084176  (Super. Ct. No. 37-2023-00051797-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Barnes & Thornburg, Mark W. Wallin and Michael P. Witczak, for Defendants and Appellants.

Sullivan & Yaeckel Law Group, Eric K. Yaeckel, Ryan T. Kuhn, and Cody D. Archer for Plaintiff and Respondent.

Edward Neubecker—in a representative capacity only—sued Evans Hotels, LLC and The Lodge at Torrey Pines Partnership, L.P. (collectively, Hotel) under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.).  Hotel contends the trial court erred in not compelling Neubecker to

arbitrate his individual PAGA claims. But because Neubecker asserts no individual PAGA claims in this case, we affirm.

## I.

Hotel hired Neubecker as a server. Neubecker signed an arbitration agreement with Hotel.

Later, Neubecker sued Hotel under PAGA for Labor Code violations. He did so "in a Representative capacity <u>only</u>." In response, Hotel moved to compel arbitration of Neubecker's "individual claims."

Neubecker raised several arguments in opposition, including that Hotel improperly sought to compel to arbitration "individual claims that are not before the court" given he asserted only "PAGA claims in his representative capacity."

In reply, Hotel disagreed "that PAGA claims cannot be compelled to arbitration unless a PAGA complaint explicitly asserts an individual PAGA claim." Hotel did not, however, directly contest Neubecker's assertion his complaint lacked individual claims.

The trial court denied the motion on a different ground, finding a "poison pill" provision invalidated the entire arbitration agreement.

## II.

### A.

Neubecker contends Hotel's appeal is "procedurally, and fatally, defective" for failure to identify the standard of review. Yet Neubecker cites no authority imposing the "procedural default" he seeks. "Arguments should be tailored according to the applicable standard of appellate review." (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.) Though it would have been a better practice for Hotel to explicitly identify the applicable standard of review in its opening brief, Neubecker does not accuse

2

Hotel of not tailoring its arguments accordingly. As a result, Neubecker has not established a basis for us to reject Hotel's appeal on this ground.

When, as here, the interpretation of a writing does not turn on the credibility of extrinsic evidence, we review it de novo. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865.)

B.

We asked the parties to submit supplemental briefing about the effect on this appeal, if any, of *Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69, 80, review granted May 14, 2025, S290182, which issued after the opening and responding briefs were filed in this case.

Hotel argues *Rodriguez* is "not applicable" and "irrelevant to this appeal," and in any event it presents an issue of arbitrability reserved for the arbitrator under the parties' delegation clause. Neubecker contends *Rodriguez* "fully supports" arguments he made to the trial court and is an independent basis on which to affirm. We agree with Neubecker.

What claims a court may send to arbitration depends on both the scope of the parties' arbitration agreement and the plaintiff's complaint. "If the plaintiff's complaint asserts no individual PAGA claim, there is no existing dispute over his or her right to obtain an individual PAGA remedy, and he or she cannot properly be ordered to arbitrate such a claim." (*Rodriguez*, 109 Cal.App.5th at p. 80.) Thus, "if on a motion to compel arbitration the court examines the complaint and determines it does not allege an individual PAGA claim, the court should decline to compel any such claim to arbitration." (*Ibid.*)

"An individual PAGA claim is the component of a PAGA claim that seeks civil penalties based on Labor Code violations sustained by the plaintiff," while a nonindividual PAGA claim is one that "seeks civil penalties

3

based on Labor Code violations sustained by current and former employees other than the plaintiff." (*Rodriguez*, 109 Cal.App.5th at p. 75.)

Like the *Rodriguez* complaint, Neubecker's complaint "is not a model of clarity" (*Rodriguez*, 109 Cal.App.5th at p. 76), yet we are persuaded Neubecker is not seeking individual PAGA relief here. First, the complaint directly expresses the intent to assert only nonindividual claims by stating throughout that Neubecker "brings this action in a representative capacity" or "in a Representative capacity <u>only</u>" and omitting any reference to "individual" from the caption. Second, while Neubecker notes in the complaint that civil penalties are "recoverable by Plaintiff on behalf of himself," he seeks statutory civil penalties only "for each underpaid employee of" Hotel. Though Neubecker's complaint includes himself at times as an aggrieved employee, he must do so to establish standing to represent the nonindividual PAGA claims. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1114.) As a result, we do not find such statements dispositive given the other aspects of the complaint we highlighted.

We are not persuaded by Hotel's efforts to avoid applying *Rodriguez*.

To start, this issue is properly before us. The parties fully briefed it in the trial court. Though the trial court denied arbitration on another ground, we will affirm a ruling that "is correct on any theory," "regardless of the trial court's reasoning." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Hotel faults Neubecker for not citing *Rodriguez*, yet Neubecker could not have done so because *Rodriguez* issued about a week *after* he filed his responding brief in this case.

Next, Hotel argues a PAGA complaint "*must* assert individual claims." Whether a plaintiff can "choose to bring only a non-individual PAGA action," however, is a different question currently before our Supreme Court that goes

4

beyond the scope of this appeal.  (*Leeper v. Shipt, Inc.*, S289305, Supreme Ct. Mins., Apr. 16, 2025.)  "The relevant question for our purposes is whether [Neubecker's] complaint does assert an individual PAGA claim, not whether it *should* include such a claim."  (*Rodriguez*, 109 Cal.App.5th at p. 81.)  To the extent Hotel asks us to depart from *Rodriguez*, it has not offered a compelling reason for us to do so.  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)

Finally, Hotel contends "whether Neubecker personally suffered a Labor Code violation" is an arbitrable controversy, and such arbitrability questions—including whether the complaint asserts an arbitrable claim—fall within the arbitrator's "exclusive authority" under the delegation clause. Hotel, however, forfeited this argument.  "[I]ssues not raised in the trial court cannot be raised for the first time on appeal."  (*Estate of Westerman* (1968) 68 Cal.2d 267, 279.)  At oral argument, counsel asserted Hotel raised the delegation clause in its trial court reply brief, where Hotel argued "controversies related to Plaintiff's standing as an aggrieved employee must be determined in arbitration pursuant to the agreement."  (Bolding and some capitalization omitted.)  We see nothing about the delegation clause in that section.  Even were we to accept Hotel's representation that this argument advanced the delegation clause, it was insufficient to preserve the issue for appeal.  (*Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 770.) At best, Hotel "first raised [the delegation clause] in [its] reply papers in a cursory manner buried under an[other] argument heading."  (*Ibid.*)  Any point about the delegation clause was "undeveloped and could easily be overlooked."  (*Ibid.*)  Indeed, the trial court's tentative ruling said nothing about the delegation clause, perhaps because "[f]or obvious reasons of fairness, points raised for the first time in a reply brief will ordinarily not be considered."  (*Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 809.)  And at

5

the subsequent hearing, Hotel never raised the delegation clause or asked the court for a ruling on it. Thus, to the extent Hotel raised the delegation clause with the trial court, it "did not raise it properly." (See *Nationwide Ins. Co. of America v. Tipton* (2023) 91 Cal.App.5th 1355, 1365.) As a result, it is forfeited.

\* \* \*

In sum, because Neubecker's complaint does not assert individual PAGA claims, the court did not err in denying the motion to compel those individual claims to arbitration.

### III.

We affirm the order denying Hotel's motion to compel arbitration of Neubecker's individual PAGA claims. Neubecker is entitled to recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

6